## SOMERVILLE v. JONES.

A. covenants that he will pay a judgement and execution existing against B. and being sued on it, pleads, that before the return day of the execution, B. paid it himself; whereby A. was prevented from doing so; also, that before the return day, he tendered the money to the sheriff, who refused to receive it.  B. replies, that he was, on account of the failure of A to satisfy the execution promptly, urged and compelled to pay it before the tender, and before the return day.  The replication held good on demurrer.

WILLIAM S. JONES brought an action of covenant against Alexander Somerville, in the Circuit Court of Franklin county, and declared for the breach of a contract made between the parties on the 8th of January, 1823, in which there was a variety of stipulations concerning the shipment and proceeds of a crop of cotton; and wherein among other things, Somerville obligated himself "to pay and discharge a judgement which had been obtained against Jones as the administrator of one Henry Cox, in favor of one John Davis, for about two thousand dollars "   The plaintiff averred that said judgement was rendered by the Circuit Court of Franklin County, at the October term, 1822, of said Court, for $1960 62 debt, damages and costs; to make which sum, an execution in behalf of said Davis against the effects of said Cox, in the hands of the plaintiff, to be administered, had been issued, and was at the time of making the covenant, and for some time after, in the hands of the sheriff of Franklin county; of which the defendant had notice, &c. and which he had failed to pay, &c.   The defendant Somerville pleaded, first, That before the return day of said execution, said Jones himself, had paid off and satisfied to Davis the full amount of the judgement, and there-

44

by had prevented him, said Somerville, from performing his covenant. Secondly, That before the return day of the execution, on the 7th of April, 1823, in said county, he, the defendant. did tender to the sheriff of Franklin county, in payment of the execution, the sum of $2400 in bank notes, that being the full amount called for by said execution; which money the sheriff refused to receive, because Jones had before that time paid and satisfied it. The plaintiff protesting, &c. replied to the first plea, that by reason of the failure, neglect and refusal of the defendant to pay said judgement from the date of the covenant till the 22d of March, 1823 : that he, the plaintiff, being in law liable and bound to pay it, and being urged and required by Davis and the sheriff who had the collection of the execution, was obliged to pay the amount. To the second plea he replied, that long before the tender of the money to the sheriff, he, the defendant, had failed to keep and perform his covenant; and that he, the plaintiff, being liable to Davis, in consequence of the said failure, and being required and compelled to pay said amount by the sheriff, who had the collection of said money, did pay the same on the 22d of March, 1823; of which the defendant had notice, &c. The defendant, Somerville, demurred to those two replications; and the Court at March term, 1825, overruled the demurrers. The defendant declining to rejoin, a writ of inquiry was awarded, on which a jury assessed the amount of the plaintiff's damages at fifteen hundred dollars.

The error here assigned by Somerville is, that the Court overruled the demurrers, when they should have been sustained.

M'KINLEY and HOPKINS, for the plaintiff in Error.

MARTIN, for defendant.

## By JUDGE TAYLOR.

IT is believed that the Circuit Court did right in overruling the demurrer. The defendant was informed of the judgement against the plaintiff; for his covenant was to pay that judgement, and by the terms of the instrument which he had executed, he was bound to pay in præsenti. The plaintiff certainly was not required to wait until his property was levied on and exposed to sale by the sheriff to make the money, and thus subject him-

self to the very situation which his covenant with the de- <span>JANUARY 182?.</span>
fendant was intended to avoid; nor was he bound to give
notice to the defendant that the sheriff was urging him
for the money. The defendant had all the knowledge
necessary to enable him to perform his part of the agree-
ment, and he had ample time afforded him to do so. Let
the judgement be affirmed.

Somerville
v
Jones

JUDGES GAYLE and WHITE not sitting.