## OVERHOLSER *v.* CLARK.

PRACTICE AT LAW.—*Rule to justify Security.*

A rule to justify security expires at the term at which it is to be complied with, and cannot be enforced at a subsequent term, although no court is held at the term at which the rule is to be complied with.

In this cause the defendant obtained a rule on the plaintiff at the July Term, 1849, of the Circuit Court of Carter County, to justify his present security or give other and better security, on or before the second day of the next term, or his cause would stand dismissed. At the time of holding the next term the Judge failed to attend, and no court was held. On Wednesday, one of the days of the succeeding March Term, the defendant moved to dismiss the cause, for want of a compliance with the rule previously obtained. Two days

4—TENN. CASES—VOL. 1.

before the judgment was rendered, the plaintiff appeared in court and made an affidavit for further time; and on the day the judgment was rendered, the plaintiff tendered security, which the Court refused to accept, not on account of insufficiency, but because of its coming too late.

And so the Circuit Court proceeded to render judgment dismissing the plaintiff's suit for failure to comply with the rule: from which judgment the plaintiff appealed in error to the Supreme Court.

O. P. Temple for Plaintiff in Error.

T. A. R. Nelson for Defendant in Error.

McKINNEY, J., delivered an oral opinion, in which it was held, on the authority of Bettis *v.* Mansfield, 11 Humph. 604, that the rule expired at the term at which, by its terms, the plaintiff was to comply with it. If the defendant fails to dispose of it in some way at that term, he cannot do it afterwards; and this whether the Court is held or not. [1]

The judgment of the Circuit Court was *reversed,* and the cause *remanded.*

(1) Irvins v. Mathis, 11 Humph. 603; Sharp v. Miller, 3 Sneed, 42; Bettis v. Mansfield, 11 Humph. 604.