### BUCHANAN *v.* BALKUM.

A recital in a deed of a prior unrecorded mortgage as an existing incumbrance, is actual notice of such unrecorded mortgage to the grantee, and constructive notice of its existence to parties claiming under him.

WRIT OF ENTRY. Facts found by a referee. The court ordered judgment for the plaintiff, and the defendant excepted.

*S. B. Page*, for the defendant.

*A. P. Carpenter*, for the plaintiff.

CLARK, J.   This is a writ of entry to foreclose a mortgage to the plaintiff, given by Henry Williams, June 22, 1866, to secure two notes of $100 each, upon which nothing has been paid. The plaintiff's mortgage was not recorded. The defendant claims title under a mortgage of the same premises from Williams to C. M. Weeks, dated May 21, 1868, by its terms made subject to the plaintiff's mortgage. Weeks foreclosed this mortgage as against Williams, and in 1874 conveyed the premises to the defendant, with full covenants of warranty. January 5, 1872, Williams gave the plaintiff an absolute deed of the premises, and in consideration thereof the plaintiff gave up to him his notes and mortgage. The plaintiff had no knowledge of the mortgage from Williams to Weeks, although it had been previously recorded when he surrendered his notes and mortgage and received the deed from Williams.

The recital of the plaintiff's mortgage as an existing incumbrance in the Weeks mortgage, under which the defendant claims, was actual notice of the plaintiff's mortgage to Weeks, and constructive notice to the defendant. *Brown* v. *Eastman*, 16 N. H. 588; *Gooding* v. *Riley*, 50 N. H. 400; *Sanborn* v. *Robinson*, 54 N. H. 239; *White* v. *Foster*, 102 Mass. 375; *George* v. *Kent*, 7 Allen 16; *Merrill* v. *Ireland*, 40 Me. 569. By the mortgage from Williams and its foreclosure, Weeks acquired title to an equity of redemption merely *(Fiske* v. *Tolman*, 124 Mass. 254), and could convey no more to the defendant. The defendant is bound by the recitals in the deed of his grantor (Jones Mort., s. 594); and he cannot complain that he holds the premises subject to the plaintiff's mortgage, because, although his deed purports to convey an absolute title, if he had examined his grantor's title he would not have been deceived.

The plaintiff's debt has not been paid, nor his mortgage discharged. The surrender of the notes and mortgage by the plaintiff to Williams in ignorance of the Weeks mortgage, and his acceptance of the deed from Williams, giving him, as he supposed, an absolute title to the mortgaged premises, was neither a payment of the notes nor an extinguishment of the mortgage. Jones Mort., s. 873; *Robinson* v. *Leavitt*, 7 N. H. 73, 95, 96; *Towle* v. *Hoit*, 14 N. H. 61; *Johnson* v. *Elliot*, 26 N. H. 67; *Ladd* v. *Wiggin*, 35 N. H. 421; *Stantons* v. *Thompson*, 49 N. H. 272. In *Holt* v. *Baker*, 58 N. H. 276, justice did not require the discharged mortgage to be kept on foot. In this case, justice requires that the plaintiff's mortgage should not be extinguished by the conveyance which was intended to operate as a foreclosure.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.