SULLIVAN.

---

KELLY v. DUFF & ux.

One who pays the amount of a mortgage debt to the mortgagee, claiming a right to redeem by virtue of his supposed legal title derived from a levy of an execution on the land in his favor, may thereby become the equitable assignee of the mortgage.

WRIT OF ENTRY.   Plea, *nul disseizin.*   Facts found by the court.   March 18, 1878, the plaintiff began a levy on the home-

stead premises of the defendant James Duff, under an execution issued on a judgment in his favor against Duff. On the petition of the defendant Mary Duff, James's wife, a homestead was set off to her, April 1, 1878. On the same day the balance of the land was set off on the execution in part satisfaction thereof, and the plaintiff was put in possession. At the time of the attachment on the writ, as well as when the execution was levied, the land was subject to a mortgage, signed by both of the defendants, to the Sullivan Savings Institution. The mortgagees obtained judgment for foreclosure against the plaintiff and both the defendants February 24, 1879, and took possession of the premises under that judgment May 1, 1879. April 26, 1880, the plaintiff paid the bank the mortgage debt, claiming the right to redeem. The bank, not conceding he had that right, but knowing he claimed it, took the money, and gave him no receipt or other writing. This suit is for the possession of the land levied upon, which the defendants occupy. For reasons unnecessary to state, the defendants claimed that the levy of the plaintiff's execution was void and conveyed no title to him. Pending the trial of the case, Mary Duff filed a petition for a reassignment of a homestead, under Gen. Laws, *c.* 138, *s.* 10.

*E. L. Cushing*, for the plaintiff. Supposing the levy to be entirely void, and that the plaintiff acquired no interest by it, what is the consequence? He has paid the amount of the mortgage to the bank, and the bank has taken it. The bank did not, as Mr. Vose did in the case of *Crockett* v. *Crain*, 33 N. H. 542, deny his right to pay the money, or decline to receive it as payment. Knowing that the plaintiff was there for the purpose of paying his money on that mortgage to protect his rights, it took and holds the money. It must be, according to well settled principles, that the plaintiff, if his levy fails, stands well as the assignee of that mortgage, and has a right to hold the land under it until the amount is repaid him. It is not a question in which the defendants have any election. They are not injured. The plaintiff offered the money due on the mortgage to the bank, and the bank took it, and if that amounts to a sale of the mortgage, the bank had a right to sell it without consulting the defendants. In this view the plaintiff has a title by mortgage to the demanded premises, and it is immaterial that he does not sue for the whole property, because he is not seeking a foreclosure. If it were possible now for the bank to repudiate that payment, they would be obliged to repay the money to the plaintiff. If the bank had assigned all its rights under the mortgage to the plaintiff, it is probable that the foreclosure would have been completed and the plaintiff's title have become absolute. There are some *dicta* seeming to point that way, even in a case like this; but if such should be the result, it would not hurt the plaintiff.

*I. Colby,* for the defendants. At the time of Kelly's tender to the Sullivan Savings Institution he had no interest in the Duff lands to protect. The bank refused to sell him the mortgage; conceded nothing to him; gave him no conveyance or transfer. We claim, therefore, on the authority of *Crockett* v. *Crain,* 33 N. H. 542, that Kelly is not by operation of law the assignee of the mortgage, and cannot maintain this action. That was a case of a writ of entry, where, as here, the plaintiff claimed to stand on a levy and on a mortgage, which, by virtue of the acceptance of a tender, he claimed to be assignee of by operation of law. The court held that the action could not be maintained. It is inequitable that Kelly, with no interest to protect, should, by a proceeding founded in wrong, be able to lay hold of this mortgage, and use it as a means of vexation, litigation, and costs, and thus deprive the Duffs of their homestead. There is a large class of cases like this, where the putting of the mortgage into hostile hands means the loss of the homestead. In such a case the plaintiff ought not to be able to invoke the aid of the law. Instead of promoting justice, it would promote injustice. There was no intent on the part of the bank to concede that Kelly had any right to make them a tender, and there was no intent to make him the assignee of the mortgage, and he well knew it.

If, however, it is held that Kelly is the assignee of the mortgage simply because the bank took the money, then we say, what is conceded in the plaintiff's brief, that it stopped the forclosure. In fact, the case shows that no one held continued actual possession for a year from the entry. Kelly never had possession. The plaintiff's suit was originally intended to be based upon the levy. Doubts as to the validity of that has induced the plaintiff to claim to stand upon the mortgage. An entry, as in this case, after condition broken, cannot be simply for the purpose of taking the rents and profits; the law will hold it to be for the purpose of foreclosure, and it will operate as such, or else the suit must fail for the reason that a foreclosure cannot be made by piecemeal. If this suit can be sustained as a foreclosure on part of an entire tract of land included in the mortgage, it must be on the ground that the mortgage now exists only on that part; that the plaintiff, by setting out the homestead and bringing his writ of entry for the balance, has discharged that part set off as homestead from the incumbrance of the mortgage, and freed the whole of the homestead part from all obligations, either legal or equitable, to redeem, or contribute to the payment of the mortgage.

STANLEY, J. Payment of a mortgage debt works a discharge or an assignment of the mortgage, as equity may require. *Moore* v. *Beasom,* 44 N. H. 215; *Rigney* v. *Lovejoy,* 13 N. H. 247, 252; *Stantons* v. *Thompson,* 49 N. H. 272, 279; *Bacon* v. *Goodnow,* 59 N. H. 415, 417. Whatever may have been the understanding of

the plaintiff and the bank, justice requires that the mortgage should be considered as assigned to the plaintiff. *Robinson* v. *Leavitt*, 7 N. H. 73, 101; *Johnson* v. *Elliot*, 26 N. H. 67, 74; *Bank* v. *Weeks*, 59 N. H. 239, 240; *Drew* v. *Rust*, 36 N. H. 335, 343. The objection, that if this action is in effect a proceeding to foreclose the mortgage the judgment would apply to a part only of the mortgaged premises, and that the part not included in the writ would be discharged from the mortgage lien, need not be considered, since the plaintiff may have. leave to amend by including in his declaration the whole of the mortgaged land. The defendants' right to redeem is conceded by the plaintiff. There will be a conditional judgment for the plaintiff, and the right of Mary Duff to a homestead will be determined on her petition.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.