NANCY HEISLER *vs.* C. AULTMAN & Co.

Argued Jan. 8, 1894. Affirmed Feb. 9, 1894.

No. 8438.

**When payment will be construed in equity as a purchase.**

When money due upon a mortgage is paid by one who is not an intermeddler or volunteer, such payment operates in the nature of an assignment of the mortgage, if the purposes of justice and the just intent of the parties so require.

**Satisfaction of mortgage obtained under mistake of fact vacated and payor subrogated.**

When such a person has caused a mortgage to be satisfied and discharged under circumstances authorizing an inference of a mistake of fact, equity will presume such mistake, and give the party who made it the benefit of the equitable right of subrogation, in case no superior intervening equities are interfered with.

**Subrogation of surety who pays the debt.**

The rules of subrogation applied in a case where a surety upon a note secured by mortgage on real property has paid the note, taken a deed of the land in indemnification, and the mortgage has been satisfied and discharged in ignorance of the fact that a judgment against the maker of the note and mortgage, and subordinate to the judgment lien, has thereby been promoted and advanced so as to render her interest in the property of no value.

Appeal by defendant, C. Aultman & Co., a corporation, from an order of the District Court of Blue Earth County, *M. J. Severance,* J., made August 14, 1893, denying its motion for a new trial.

*Hale & Morgan* and *E. E. Smith,* for appellant.

Equity will not afford relief to plaintiff on the ground that she has lost her remedy at law through mere ignorance of the judgment, the knowledge of which might have been obtained by due diligence and inquiry. *Conner* v. *Welch,* 51 Wis. 431; *Mamlock* v. *Fairbanks,* 46 Wis. 415; *Grymes* v. *Sanders,* 93 U. S. 55; *Voorhis* v. *Murphy,* 26 N. J. Eq. 434; *Dillett* v. *Kemble,* 25 N. J. Eq. 66; *Haggerty* v. *McCanna,* 25 N. J. Eq. 48; *Penny* v. *Martin,* 4 Johns. Ch. 566.

Where there is no relation of trust or confidence between the parties, one cannot proceed blindly omitting all inquiry and examination, and then complain that the other did not volunteer to give the information he had. *Dambmann* v. *Schulting,* 75 N. Y. 55; *Southwick* v. *First Nat. Bank,* 84 N. Y. 420; *Hill* v. *Aldrich,* 48 Minn. 73; *Eastman* v. *St. Anthony Water Power Co.,* 24 Minn. 437. Plaintiff cannot claim that she did not have notice of defendant's lien, for the law charged her with notice as though she had actual notice. 1878 G. S. ch. 66, § 277; *Parkist* v. *Alexander,* 1 Johns. Ch. 394; *Brinckerhoff* v. *Lansing,* 4 Johns. Ch. 64; *Johnson* v. *Stagg,* 2 Johns. 509.

Plaintiff was ignorant as to the existence of the judgment, but, as was observed by Chancellor Kent in *Penny* v. *Martin, supra,* "ignorance is not mistake." *Canal Bank* v. *Bank of Albany,* 1 Hill 287; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230.

*J. L. Washburn* and *Lorin Cray*, for respondent.

Plaintiff, being surety on the note of $550, and having paid the same was entitled to be subrogated to the rights of the creditor and to the benefit of all the securities. She was entitled to a *pro. rata* amount of the security at least. *Felton* v. *Bissel*, 25 Minn. 15; *McArthur* v. *Martin*, 23 Minn. 74; *Conner* v. *Howe*, 35 Minn. 518.

Plaintiff having paid the note for $900, the payment operated as an equitable assignment to her of the mortgage and all the rights of the mortgagee; and she being a grantee of a mortgagor and not having assumed the payment of the mortgage, should be treated as an equitable assignee of the mortgage. *Barnes* v. *Mott*, 64 N. Y. 397; *Gerdine* v. *Menage*, 41 Minn. 417; *Levy* v. *Martin*, 48 Wis. 198; *Blodgett* v. *Hitt*, 29 Wis. 169; *Carpentier* v. *Brenham*, 40 Cal. 221.

Even though the McKenna mortgage was discharged of record at the express request of the plaintiff, yet as she was ignorant of defendant's lien, and would not have had the mortgage discharged if she had known of it, she is entitled to have the mortgage reinstated and to full protection against the lien of the judgment. *Geib* v. *Reynolds*, 35 Minn. 331; *Gerdine* v. *Menage*, 41 Minn. 417; *Barnes* v. *Mott*, 64 N. Y. 397; *Stimpson* v. *Pease*, 52 Ia. 572; *Stanton* v. *Thompson*, 49 N. H. 272.

COLLINS, J. Stated in chronological order, the controlling facts in this case are as follows: July 28, 1880, defendant corporation duly recovered, and caused to be docketed in the office of the clerk of the District Court for Blue Earth county, in this state, a judgment for the sum of $844.09 against one John C. Heisler and another. In March, 1886, said Heisler purchased, and there was duly conveyed to him by warranty deed, a farm in said county, consisting of one hundred and ten acres, subject to a mortgage for the sum of $900; and, for the vendor's interest, Heisler agreed to pay the sum of $1,450, to be evidenced by two promissory notes,—one for $550, and the other for $900. The plaintiff in this action, at the request of said Heisler, who was her son, signed his said note for $550, as a surety, and it was delivered to the vendor of the

farm. Heisler also made and delivered to said vendor his note for $900, and, to secure the payment of both notes, executed and delivered a second mortgage on the farm, which was duly recorded. John C. Heisler neglected to pay the note for $550 when it matured, and, upon the commencement of legal proceedings against her to enforce its collection, the plaintiff paid the same. She then paid the note for $900 given to the vendor of the farm, and soon afterwards, December 7, 1887, said John C., his wife joining, executed and delivered a warranty deed, whereby they conveyed the farm to the plaintiff, subject to the mortgage first above mentioned. The deed to said John C. Heisler, and the deed from him and his wife to the plaintiff herein, were recorded simultaneously, on January 3, 1888. The court found that the deed last mentioned was accepted by plaintiff to secure and indemnify her for the amounts so paid by her on said notes, that the value of the farm had never exceeded $2,300, and that no part of the sums paid by plaintiff had been repaid to her. On January 21, 1888, the vendor mortgagee executed and delivered a satisfaction of his mortgage, which was duly recorded; the effect on the title, as shown by the record and docket entries, being to promote defendant's judgment, and to make it a second instead of a third lien on the land. The only superior lien was that of the first mortgage, and, as will be seen, the plaintiff's claim or interest in the farm was thus made of no practical value: At no time prior to this was the plaintiff informed of the existence of the judgment, nor had she caused any examination to be made in the clerk's office as to judgments against her son. January 11, 1890, after this action had been commenced, and defendants had been informed of plaintiff's equities, the farm was sold to one Lamb, by the proper sheriff, under and by virtue of an execution duly issued upon the judgment, and to satisfy the same. The sheriff's certificate of sale was delivered to Lamb, but defendant was the real purchaser, and shortly afterwards the certificate was duly assigned to it. On these findings the court below ordered judgment canceling and annulling the satisfaction of the mortgage and the record of the same, and restoring and reinstating, of record and otherwise, the mortgage lien as of the date of the record, and as prior and paramount to the lien or claim of defendant by virtue of the judgment or sale on execution, or otherwise; further,

that plaintiff was the equitable assignee and owner of said mortgage, and that as such she be subrogated to the rights of the original mortgagee.

This appeal is from an order denying a new trial.

The doctrine of subrogation has recently been considered by this court in two cases: *Emmert* v. *Thompson*, 49 Minn. 386, (52 N. W. 31,) and *Wentworth* v. *Tubbs*, 53 Minn. 388, (55 N. W. 543.) It was said in the first-mentioned case that this doctrine is enforced solely for the purpose of accomplishing substantial justice, and, being administered upon equitable principles, it is only when an applicant has an equity to invoke, and when innocent persons will not be injured, that a court can interfere. That in this way a court, under a great variety of circumstances, may relieve one who has acted under a justifiable or excusable mistake of fact, is well settled, and that it is a common thing for courts of equity to relieve parties who by mistake have discharged mortgages of record, and to fully protect them from the consequences of their acts, where, as before stated, no injury to innocent parties will result. In the *Wentworth* Case it was said that the doctrine could only be applied in favor of one who has bought a debt, either expressly, or by paying it under circumstances which render the payment equivalent to a purchase; and this is solely a question of intention, either expressed or presumed from the relation of the party to the debt, or other circumstances under which payment was made. These cases come very near sustaining the conclusion reached by the court below.

The findings are silent as to any express intention of the plaintiff when paying the $550 note. But she was a surety only, entitled, upon payment to the benefit of all securities held by the payee, and under these circumstances the payment was simply equivalent to a purchase. Because of the relations of the parties the presumption arises that plaintiff did not intend to extinguish the debt, or to release the security. Being, by reason of the payment, entitled to the benefit of the mortgage, to the extent of her interest, but subject to the claim of the holder of the second note, the plaintiff was not an intermeddler or a volunteer, when, in order to fully protect and secure herself, she paid the note last mentioned. And under the circumstances this payment must also be regarded as

equivalent to a purchase. That it was not intended by the parties to extinguish the claim or to release the security is evidenced by the fact that, immediately after this last-mentioned transaction, plaintiff received a deed of the premises from her son and his wife, which, as found by the court, was taken and received for her indemnification and as security.

A party situated as was plaintiff, who has paid money due upon a mortgage, is entitled, for the purpose of effecting substantial justice, to be substituted in place of the incumbrancer and to be treated as assignee of the mortgage, and is enabled to hold the same as assignee, notwithstanding the mortgage itself has been canceled. The true principle is that where money due upon a mortgage is paid, it shall operate as a discharge of the mortgage, or in the nature of an assignment of it, as may best serve the purposes of justice and the just intent of the parties. One who has paid money due upon a mortgage of lands to which he had a title that might have been defeated thereby has the right to hold the lands as if the mortgage subsisted, and had been assigned to him. The mortgage may, for his benefit, be considered as still subsisting, though formally discharged of record, in so far as he ought, in justice, to hold the property. Sheldon, Subr. §§ 13, 14, and cases cited; Jones, Mortg. §§ 858, 869, 881, and cases.

Upon the payment of the mortgage, plaintiff was entitled to all of the rights of the original mortgagee, and to an assignment of the mortgage. The same was discharged and satisfied in ignorance of the existence of the judgment lien. Having caused it to be satisfied and discharged in ignorance of the existence of the judgment lien, under circumstances authorizing an inference of a mistake of fact, equity will presume such mistake, and give the party who made it the benefit of the equitable right of subrogation. To do so in this case is to prevent manifest injustice and hardship, and no superior intervening equities are interfered with. See *Barnes* v. *Mott*, 64 N. Y. 397; *Stanton* v. *Thompson*, 49 N. H. 272.

Of course, it has been observed that defendant obtained and docketed the judgment several years before its debtor purchased the real estate in question, and that the mortgage was a prior and paramount lien up to the time of its satisfaction and discharge. Before the sale this action had been commenced, and thereby de-

fendant had been informed of plaintiff's equities. It purchased with full notice. It could not and did not acquire an intervening superior equity through the sheriff's certificate. By subrogating the plaintiff to the rights of the mortgagee, it is not placed in a worse position than it held when the mortgage was alive.

Order affirmed.

BUCK, J., took no part.

(Opinion published 57 N. W. Rep. 1053.)