Merrimack,  }
June, 1894.  }

### RICHARDSON v. BAKER.

<div style="float:right">| 68   43|<br>|s68   297|</div>

If an equity of redemption be sold by an assignee in insolvency, subject to the debtor's homestead right, and the purchaser pays a mortgage in which the homestead right was released, the insolvent is not entitled to a homestead without redeeming from the mortgage, although the purchaser's deed from the mortgagee stated that its intention was to discharge the mortgage.

BILL IN EQUITY, praying for the set-off of a homestead. Facts agreed. January 26, 1892, the plaintiff owned the premises in

which he claims a homestead, subject to two mortgages to Hazelton, in which he released his homestead right. On that day he made an assignment in insolvency. June 15, 1893, his assignee sold and subsequently conveyed the plaintiff's equity of redemption, subject to his homestead right, if any, to the defendant, who on the same day took and has ever since held possession. July 8, 1892, Hazelton took possession of the premises under a writ issued in foreclosure proceedings, and retained the exclusive possession until June 15, 1893. After June 15 and before July 8, 1893, the defendant paid the amount due on the mortgages to Hazelton, who thereupon conveyed his interest in the premises to the defendant by a deed containing a clause as follows : " Said land is the same previously owned and occupied by James M. Richardson for a homestead, and the intention of this conveyance is to discharge two certain mortgages made by said James M. Richardson to me, the said Eleazor Baker having bought the equity of redemption in said land at a sale by the assignee of said Richardson, who is now an insolvent debtor." The plaintiff makes no offer to redeem. The court ruled that he is not entitled to a homestead without redeeming from the mortgages, and the plaintiff excepted.

*Leach & Stevens*, for the plaintiff. The plaintiff should pay no portion of the mortgages to acquire his homestead because they have been discharged. The deed from the mortgagee to the defendant, made after the latter's purchase of the equity, distinctly declares that "the intention of this conveyance is to discharge two certain mortgages," being the ones in question. The language is clear and unambiguous. The defendant accepted the deed and recorded it, and makes no pretence he did not understand its meaning. Unless the court shall construe the intention of the parties to have been directly opposite from what they said it was in the deed, there are no mortgages in force to redeem.

Equity requires that the mortgages should be treated as merged in the equity of redemption, if not discharged. The defendant knew before he bid, the amount of the mortgage debt and the claim for homestead, and he agreed to pay, over and above these claims, the substantial sum of $275. There can be no reasonable doubt but that he would have paid at least $500 if the sale had been for the entire interest above the mortgages without any claim for homestead. This purchase should be construed as an agreement or acknowledgment on his part that the property was worth a substantial sum above the mortgages and homestead. Neither can there be doubt that, if the plaintiff should pay the mortgages, the defendant would at sometime redeem them, and hold them on the balance of the premises

after the homestead is assigned, as suggested in *Fellows* v. *Dow*, 58 N. H. 21. The plaintiff may be unable to raise the money to redeem them, and it would be inequitable to require him to do so when the purpose of the defendant to annoy and delay is so apparent. In *Fellows* v. *Dow* it does not appear whether the equity sold for a substantial sum above the mortgage or not, and it does appear the plaintiff had the means at hand to secure his homestead without inconvenience.

If equity requires the plaintiff to pay anything on the mortgages to secure his homestead, it should only be in case the appraisers appointed to make the set-off find the value of the equity above the mortgage to be less than $500; and then only for his proportion of the deficiency, if he was unwilling to accept a homestead of a value equal to the equity. *Norris* v. *Morrison*, 45 N. H. 490, 501. If the appraisers should find the value of the equity to be $400, and the plaintiff preferred to accept a homestead of that value instead of contributing to the mortgage, he should have that privilege.

The sale by the assignee should be construed as under P. S., *c.* 138, *ss.* 9, 10, as if made by a sheriff, and the defendant's bid as an offer to pay $275 and the mortgages, and allow the plaintiff his homestead, or pay him $500 with which to secure another. *Hall* v. *Johnson*, 64 N. H. 481.

The plaintiff ought not to be considered in fault for not offering to redeem mortgages, when the defendant had given him notice by the record of said deed that they were discharged, and had never suggested any contrary claim. If any such offer becomes necessary, the plaintiff will ask consent to amend his petition.

*Almon F. Burbank* and *Harry G. Sargent*, for the defendant.

CARPENTER, J. As against Hazelton or one claiming under him, a homestead cannot be assigned to the plaintiff until he or some one in his behalf has satisfied the mortgage debts. *Fellows* v. *Dow*, 58 N. H. 21; *Pollard* v. *Noyes*, 60 N. H. 184. There is no evidence tending to show that the defendant intended his payment of the mortgage debts should enure to the plaintiff's benefit. The plaintiff is not a party to the deed or to the transaction which it completed. The language of the deed has no relation to him or to his rights. Construed, as it must be, in view of the situation of the parties and the nature of the transaction, it shows a purpose to discharge the mortgages so far, and only so far, as they were an incumbrance on the defendant's title to the land. The plaintiff stands in no better position than he would if Hazelton had executed, and the defendant had accepted and put on record, a formal discharge of the mortgages.

*Heath* v. *West,* 26 N. H. 191; *Wilson* v. *Kimball,* 27 N. H. 300; *Stantons* v. *Thompson,* 49 N. H. 272; *Bell* v. *Woodward,* 34 N. H. 90; *Hammond* v. *Barker,* 61 N. H. 53.

<div align="right">*Exception overruled.*</div>

Smith, J., did not sit: the others concurred.