A. W. BECKER AND ANOTHER v. ALBERTUS A. BUNDY AND OTHERS.[1]

May 10, 1929.

No. 27,247.

[1]Reported in 225 N. W. 290.

*Farmer & Tighe,* for appellants.

*B. D. Grogan,* for respondents.

TAYLOR, C.

This action to rescind a contract for the exchange of farms was submitted to the trial court upon a stipulated statement of facts. The court rendered judgment rescinding the contract, and defendants appealed therefrom.

Plaintiffs are husband and wife. Plaintiff A. W. Becker owned a farm of 240 acres subject to a mortgage. Defendant Bundy owned a farm of 320 acres subject to two mortgages. Defendant Lewis is the cashier of defendant State Bank of Madelia. Plaintiffs and defendant Bundy entered into a written contract, drawn by defendant Lewis, for the exchange of farms pursuant to which each party executed to the other a warranty deed of his farm and placed it in escrow with defendant bank to be delivered at the time and upon compliance with the conditions specified in the contract. Shortly before the making of the contract a judicial road had been laid out across defendant Bundy's farm and he had been paid $1,600 as damages therefor. The road had not been opened or used. Bundy did not inform plaintiffs that it had been laid out, and they had no knowledge of that fact when they made the contract nor until shortly before the deeds were to be delivered. On learning of the road, they asked Bundy to cancel and rescind the contract, but he refused to do so. Thereupon they brought this action invoking the power of the court to cancel the contract, to restrain defendants bank and Lewis from delivering to Bundy the deed of plaintiff's farm, and to place the parties in statu quo.

The question presented is whether the existence of such a road, known to the vendor but not known to the vendee and not disclosed to him, furnishes a sufficient ground for the vendee to rescind the contract, where, immediately on discovering the fact and before receiving the deed or possession of the land, he takes proper steps

to do so. That the existence of the road damages the farm to a substantial extent may reasonably be inferred from the fact that Bundy was paid $1,600 for such damage.

Defendants rely mainly on Sandum v. Johnson, 122 Minn. 368, 142 N. W. 878, 48 L.R.A.(N.S.) 619, Ann. Cas. 1914D, 1007, in which it was held that the existence of a country road across a farm was not an encumbrance thereon within the meaning of the covenants against encumbrances, and that its existence did not give rise to an action for damages for breach of such covenants. But the court also stated therein [122 Minn. 377]:

"It does not follow from this decision that the existence of an unknown easement may not be ground for rescinding the contract. An action to rescind is of a different character from the action at bar and is governed by different principles."

Although a contract will not be reformed for a mistake of one only of the parties thereto, "it may be rescinded or canceled for the mistake of one only of the parties," Benson v. Markoe, 37 Minn. 30, 37, 33 N. W. 38, 42, 5 A. S. R. 816.

"It would be the grossest injustice to hold a party to a purchase, where, solely through the fault of the other party, he gets only what he did not intend to buy." Martin v. Hill, 41 Minn. 337, 338, 43 N. W. 337.

"If a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much of a fraud as if the existence of such fact were expressly denied." Thomas v. Murphy, 87 Minn. 358, 91 N. W. 1097.

"While an instrument may not be reformed, it may be rescinded or canceled for the mistake of one party only." Thompson v. E. I. Dupont Co. 100 Minn. 367, 371, 111 N. W. 302, 304.

"A purchaser is entitled to rescind when he does not get what he, from the seller's representations, believed he was getting." Pennington v. Roberge, 122 Minn. 295, 299, 142 N. W. 710.

"It was not indispensable to prove damages in dollars and cents to have cancelation or rescission of the contract and note for misrepresentations. It would be quite enough to show that the land was not substantially of the kind, quality and value represented. It was not necessary to prove a fraudulent intent." Hirschman..v. Healy, 162 Minn. 328, 331, 202 N. W. 734.

"The weight of authority is to the effect that a court, in the exercise of its equitable powers, may cancel a contract at the instance of a party who proves that he was mistaken as to a material element of the contract at the time he made it, if he acts promptly and the contract can be rescinded without prejudice to the other party— that is, if both parties can be placed in statu quo. This on the ground that the parties did not have the same subject matter in mind in making the contract, and did not in fact come to an agreement in respect to the same thing." Olson v. Shephard, 165 Minn. 433, 436, 206 N. W. 711.

"It is but 'obvious justice that mistake by one party and knowledge of the mistake by the other, will justify relief as fully as mutual mistake.'" Nadeau v. Maryland Cas. Co. 170 Minn. 326, 329, 212 N. W. 595.

To the cases above mentioned may be added: Heisler v. C. Aultman & Co. 56 Minn. 454, 57 N. W. 1053, 45 A. S. R. 486; Stong v. Lane, 66 Minn. 94, 68 N. W. 765; Peterson v. First Nat. Bank, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185; Romkey v. Saumweber, 170 Minn. 438, 212 N. W. 816; Moffett, Hodgkins & Clarke Co. v. Rochester, 178 U. S. 373, 20 S. Ct. 957, 44 L. ed. 1108; Frazer v. State Bank of Decatur, 101 Ark. 135, 141 S. W. 941; Werner v. Rawson, 89 Ga. 619, 15 S. E. 813; Morgan v. Owens, 228 Ill. 598, 81 N. E. 1135.

"The general doctrine is firmly settled as one of the elementary principles of the equitable jurisdiction, that a court of equity will grant its affirmative or defensive relief, as may be required, by the circumstances, from the consequences of any mistake of fact which is a material element of the transaction, and which is not the result

of the mistaken party's own violation of some legal duty, provided that no adequate remedy can be had at law." 2 Pomeroy, Eq. Juris. § 852.

"The jurisdiction of equity to decree the cancellation of an instrument because at the time of its execution the parties or even one of them labored under a mistake of fact, is well recognized." 4 R. C. L. 506.

"Where a contract in writing is executed under a mistake by only one of the parties as to a fact which is of the essence of the contract, the mistake constitutes a ground for a court of equity to rescind and cancel the apparent contract as written, and place the parties in statu quo." 24 Am. & Eng. Enc. 618; 9 C. J. 1167.

The road in question is laid along the line between two adjoining 80-acre tracts of the farm, a distance of half a mile. It had not been opened to travel nor used. Its existence was known to the vendor but not to the vendee. Whether the vendor acted innocently or purposely in failing to disclose its existence is unimportant. The contract has not been executed, and neither party has changed his position in reliance upon it. A cancelation of the contract and of the several instruments executed for the purpose of carrying it into effect will leave the parties in statu quo. The facts bring the case within the rule stated in the following language by the Illinois court [228 Ill. 603]:

"A court of equity has the power to rescind or cancel an agreement at the request of one party upon the ground that without negligence he entered into it through a mistake of facts material to the contract, when it can do so without injustice to the other party."

We concur in the conclusion of the learned trial court, and the judgment is affirmed.