STANDARD HEATING COMPANY v. G. J. REICHERT.[1]

November 29, 1946.

No. 34,309.

*C. Alfred Bergsten,* for appellant.
*Thomas Tallakson,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was an action to recover damages for breach of contract. There were findings for plaintiff that the contract had been duly made and that defendant had breached it. Defendant's motion for a new trial was denied, and he appeals. The only issue presented here, as stated by defendant, is "That the decision is not justified by the evidence, and is contrary to law, as evidenced by the transcript of all of the testimony taken in this case."

The facts may be thus summarized: On January 11, 1945, a written contract was entered into by the parties under the terms of which plaintiff was to "Install Janitrol gas conversion burner

[1] Reported in 25 N. W. (2d) 87.

in present cast iron hot air furnace with chimney liner and thermostatic controls according to city code." The contract price was $240. Ten dollars was paid at the time of the making of the contract, and the remaining $230 was to be paid within "30 days after completion." On February 7, 1945, two mechanics working for plaintiff went to defendant's home to make the required installation. In doing so, they found it necessary to tear down defendant's furnace. While so engaged, they discovered a small crack in the shovel plate, which, if not repaired before the burner was installed, might result in the escape of dangerous gases into defendant's premises. The condition was promptly reported to defendant, who informed plaintiff's mechanics that he was undecided whether he would have the crack repaired or order a complete gas unit. Thus matters rested until February 17, when a salesman for plaintiff again inquired whether defendant had made up his mind. The answer was that he had not; that he was letting the matter rest for a time. Shortly thereafter defendant purchased from another concern an entirely new unit, which included a new furnace. The court found that plaintiff's damage amounted to $75, but it credited ten dollars upon that amount, which was the down payment made by defendant.

The burden of defendant's argument here, as it was below, is that there was a mutual mistake as to the subject matter of the contract, and, for that reason, defendant was as a matter of law relieved from performance on his part. The trial court, however, in its memorandum states:

"* * * this court finds that it has not been proven by sufficient probative evidence that the contract could not be performed. There certainly was an implied warranty that the defendant had a furnace upon which a gas burner could be installed."

Therefore, assuming this to be true, plaintiff sent its mechanics to install the burner.

In view of the very narrow issue here presented, we must look to the record to determine whether defendant's claim that the evidence fails to sustain the findings is, as a matter of law, well founded. Perusal of the record leaves no doubt in our minds that only fact

questions were involved, and those recited are well sustained by the evidence.

We deem it not improper to suggest that appeals should not be encouraged in cases like the instant one, where such a small amount is involved. Counsel must have known that even if his client were to prevail nothing would be gained in a financial way, and that was the only thing involved. To encourage or even to permit appeals of this type is no help to the ones who must bear the burden of them. It is not surprising that the all-too-frequent "law's delay" and the burden of bearing an unjustifiable legal expense should be the cause for criticism and condemnation. The expense on this appeal is out of all proportion to the amount involved. Cases like this create bitterness and hostility, and the prosecution of them is likely to intensify rather than lessen such a feeling.

Order affirmed.