**D.J.'S UPHOLSTERY, INC.,**
**et al., Respondents,**

v.

**WESTERN NATIONAL MUTUAL**
**INSURANCE COMPANY,**
**Appellant.**

No. C9–93–482.

Court of Appeals of Minnesota.

Sept. 14, 1993.

Review Denied Nov. 16, 1993.

Joseph M. Musilek, Opperman, Heins & Paquin, Michael A. Hatch, Hatch, Eiden, Pihlstrom and Gunstad, Minneapolis, MN, for respondents.

James T. Martin, Dan T. Ryerson, Gislason, Martin & Varpness, P.A., Edina, MN, for appellant.

Considered and decided by FORSBERG, P.J., and PARKER, and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Respondents D.J.'s Upholstery, Inc., and St. Anthony Builders, Inc. are the named plaintiffs of a class action suit involving 242 Minnesota employers (employers) against appellant Western National Mutual Insurance Company (Western), a workers' compensation insurer. The employers' cause of action arose from Western's retroactive premium increase during a policy period. The premium increase compensated for an error resulting from an incorrectly programmed formula for calculating the insureds' experience modification factors.

The employers and Western submitted stipulated facts and cross motions for summary judgment. The district court granted summary judgment in the employers' favor on their breach of contract claim and issued judgment in the amount of $466,218.89. Western appealed and we affirm.

## FACTS

The district court based its ruling on the parties' stipulated facts and attached exhibits. The base premium for a workers' compensation insurance policy is based upon a percentage of the insured's estimated payroll for the policy period. This percentage varies according to the job classifications of each insured's employees, with higher percentages assigned to higher risk jobs. At the end of the policy period, the final premium is recalculated after an audit of the insured's actual payroll and actual employee classifications for that period.

The estimated and final premiums are adjusted by the insured's experience modification factor, expressed as a percentage of the base premium. This factor reflects the insured's number of insurance claims over the three preceding years.

Western obtained the experience modification factors for each employer using a merit rating plan filed with the Minnesota Commerce Department by the Minnesota Workers' Compensation Insurers Association (MWCIA), a licensed data service organization. Although an insurer is free to obtain the Commerce Department's approval of its own merit rating plan, for practical reasons, most Minnesota workers' compensation insurers use MWCIA's merit rating plan. *See* Minn.Stat. § 79.56, subd. 1 (1988). In December 1989, MWCIA's computer programming contractor made an error in implementing the D-ratio, a component of the merit rating plan. The erroneous experience modification factors resulted in premiums which were 8.5% lower than they would have been if the proper D-ratio had been used. When Western learned of the error during the policy period, it adjusted the experience modification factors and retroactively increased premiums for its 261 employer insureds. Western subsequently refunded the premium increase to 19 employers who protested the increase. The named plaintiff employers then brought this class action lawsuit on behalf of the 242 other employers.

In awarding summary judgment to the employers, the district court concluded that Western could not rescind the insurance contracts with the employers because there was no ambiguity, fraud or misrepresentation and could not reform the contract as there was no mutual mistake. The district court further concluded that MWCIA acted as Western's agent in calculating the experience modification factors. On appeal, Western argues that the district court misapplied the law and requests that this court reverse and remand the matter for entry of summary judgment in its favor.

## ISSUES

I. Does the language of a workers' compensation insurance contract allow the insurer to retroactively modify experience modifi-

cation factors and increase an insurance premium mid-term?

II. Does a workers' compensation insurance contract bind the insurer to provide insurance for a stated premium notwithstanding the insurer's subsequent discovery that the premium was based on an erroneous calculation by a licensed data service organization?

## ANALYSIS

### I. *Retroactive Premium Increase Pursuant to Insurance Contract*

■ Western argues that the plain meaning of the insurance contract language allows Western to adjust the premium to reflect changes in the experience modification factor. The insurance policy provides:

> Final Premium. The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.

Western argues that the language, "the proper rates that lawfully apply," notifies employers that the rates and classifications are subject to change. Western argues further that the contract does not explicitly state that the experience modification factor remains constant during the period of coverage.

Once the parties enter into an insurance contract, the experience modification factor cannot be unilaterally changed because it is based on the employer's past claims. The Experience Rating Plan Manual (the manual) for workers' compensation and employers' liability insurance specifically states:

> The experience modification effective on the normal anniversary rating date shall apply for the full term of: (1) the policy commencing on that date; or (2) any other policy commencing up to three months after that date.

The manual provides for retroactive adjustment of the experience modification factor only in specific instances, such as where the employer's business merges during a policy period with another business, or where the employer has inaccurately reported its past claims experience.

■ The original premium is called an "estimate" because actual payroll and job classifications can be accurately determined only after the policy year ends. However, the contract language does not allow an insurer to unilaterally raise experience modification factors or rates retroactively. An insurance "policy must be construed as a whole, and unambiguous language must be given its plain and ordinary meaning." *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn.1986). Therefore, the district court properly determined that the parties expected the experience modification factors to remain constant during the period of coverage and that only payroll or job classification changes would affect the actual final premiums.

Western argues that the district court improperly applied the reasonable expectations analysis to construe the insurance policy in the employers' favor. The district court's references to reasonable expectations, however, were dicta, in light of the primary holding that the insurance contract unambiguously prohibited Western from changing experience modification factors retroactively. Therefore, we need not address the reasonable expectations analysis.

### II. *Unilateral or Mutual Mistake*

■ "[A]n insurance 'policy' is a contract between an insured and an insurer." *Anderson v. Northwestern Bell Tel. Co.*, 443 N.W.2d 546, 549 (Minn.App.1989) (citation omitted). The district court correctly applied a contract analysis to determine that there was no mutual mistake of fact between Western and the employers warranting rescission of the insurance contracts. *See Gartner v. Eikill*, 319 N.W.2d 397, 398–99 (Minn.1982) (mutual mistake warrants rescission of contract). Rather, the error was Western's unilateral mistake, which does not provide a basis for avoiding or altering the terms of a contract. *See North Star Ctr., Inc. v. Sibley Bowl, Inc.*, 295 Minn. 424, 426, 205 N.W.2d 331, 332 (1973). Western, the aggrieved party, must bear the monetary

loss as the error was a mistake in value and did not go to the very nature of the insurance contracts. *See Gartner*, 319 N.W.2d at 398–99.

Western asserts that the district court incorrectly concluded that MWCIA acted as its agent. Western asserts instead that MWCIA was an independent contractor, furnishing insurers with data services, the preparation of which was beyond Western's control. We need not determine whether MWCIA was Western's agent or an independent contractor because, in either case, Western made a unilateral mistake and is charged with the consequences.

## DECISION

The district court correctly entered summary judgment in the employers' favor based on the parties' stipulated facts. Because Western's use of erroneous experience modification factors was a unilateral mistake, Western must bear the resulting monetary loss. The experience modification factors were an integral part of each insurance policy and nothing in the policies or manuals allowed Western to unilaterally modify the factors and increase premiums accordingly. There are no genuine issues of material fact and the district court properly applied the law. *See Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Therefore, the summary judgment is affirmed.

**Affirmed.**