CHARLES B. ROMKEY v. GEORGE SAUMWEBER.[1]

March 11, 1927.

No. 25,884.

**Defective foreclosure vacated and foreclosure by action ordered.**

In the foreclosure of a mortgage by advertisement, the description of the property, consisting of consecutively numbered lots, through mistake was so altered as to omit several lots. The mistake was patent from the papers themselves and was well known to the mortgagor. He did not change his position on the faith of the foreclosure and no rights of third parties have intervened. Relief against the mistake was properly granted, the same consisting of the vacation of the former foreclosure and a direction for its foreclosure anew by action.

Mortgages, 41 C. J. p. 1035 n. 13.

---

See note in 42 A. L. R. 1192.

[1]Reported in 212 N. W. 816.

Plaintiff appealed from an order of the district court for Clay county, Nye, J., denying his motion for a new trial. Affirmed.

*Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.

*Hammett & Morton* and *James A. Garrity,* for respondent.

STONE, J.

In this action to determine adverse claims, defendant claims only under a mortgage which had been foreclosed by advertisement. Because of the mistake in the foreclosure proceedings, hereinafter dealt with, he asked that the foreclosure be vacated, the mortgage reinstated and again foreclosed. The decision below awarded him substantially that relief and plaintiff appeals from the order denying his motion for amended findings or a new trial.

Plaintiff was the mortgagor and defendant the mortgagee under the mortgage in question. It covered certain lots in the platted portion of Moorhead, part of them being described as "lots one (1) *to* seven (7) inclusive" in a specified block. In the foreclosure notice and record, through the mistake of defendant's attorney, this description was made to read "lots one (1) *and* seven (7) inclusive" of the same block. The use of "inclusive" as a part of the mistaken description introduced an element of patent ambiguity indicating the possibility of mistake even to one who was not familiar with the situation as plaintiff was. He knew, apparently all through the foreclosure proceedings, that a mistake was being made of which he might get a substantial advantage. His purpose in this action was to secure that advantage by having the omitted lots freed from any cloud by reason of the mortgage and its foreclosure. These lots include the homestead of plaintiff, the dwelling and other improvements giving them a value considerably larger than that of the rest of the property.

In that situation the decision below went for defendant upon the authority of Peterson v. First Nat. Bank of Ceylon, 162 Minn. 369, 203 N. W. 53, 42 A. L. R. 1185. It is clearly a case of unilateral mistake by the attorney who conducted the foreclosure. Candidly he has assumed the whole responsibility. The mistake being so

obvious, and the rectification of it so easy without injury to plaintiff, equity clearly justifies the relief granted defendant. It consists simply of vacating the foreclosure and a decree for another by action. That procedure cannot deprive plaintiff of any right or advantage. He has not changed his position on the faith of the foreclosure and the case is not affected by the subsequently acquired rights of any third party. On the other hand, defendant will be saved from the unmerited loss which would be inflicted by depriving him of the more valuable property subject to his lien. The argument that plaintiff's homestead is involved is answered by the fact that, if the foreclosure by action proceeds, he can require the nonhomestead property to be sold first, thereby possibly saving his homestead entirely or at least reducing to a minimum the amount necessary to redeem it.

While the writer is heartily in accord with the idea that equity can relieve in a proper case even against unilateral mistake, he feels that in this case defendant's proof failed to show in him sufficient equity to justify relief. It is probably a case where the facts actually warranted the result, the deficiency being possibly a somewhat technical one of proof. The point is that defendant did not show that the premises actually sold in the foreclosure were not of sufficient actual value to repay him the mortgage debt with costs. If perchance that was the case, defendant certainly is not entitled to the relief granted. Adoption of that view would lead to a new trial. But a majority of the court is of the opinion that the order appealed from should be affirmed.

So ordered.