# SHEASGREEN HOLDING COMPANY v. ZOLLE DWORSKY.[1]

June 27, 1930.

No. 27,934.

*S. Louis Shore,* for appellant.
*Robert M. Works* and *John J. Stoller,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment adjudging void a mortgage foreclosure sale.

[1]Reported in 231 N. W. 395.

Defendant, being the assignee of a second mortgage, caused it to be foreclosed by advertisement. At the foreclosure sale defendant purchased the property for $9,500. The failure to record the power of attorney authorizing the attorney to foreclose the mortgage until the day following the sale is the ground upon which plaintiff, the owner of the mortgaged premises, seeks to invalidate the sale.

■ G. S. 1923 (2 Mason, 1927) § 9606, reads:

"Whenever an attorney at law is employed to conduct such foreclosure, his authority shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had. If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, his authority shall likewise be evidenced by recorded power."

The proceeding is purely in rem and rests upon statutory authority. The requirement is specific and definite. The proceeding is inherently of such character that a strict compliance with the statute is necessary. Because of the failure to record the power of attorney before the sale the foreclosure sale is void.

■ Plaintiff started this action seven months after the foreclosure sale. Defendant asserts that it is guilty of laches. We think not. Delay alone does not constitute laches. It must under the circumstances of the particular case be culpable. The only element present in this case is the consequence to defendant in the way of loss of rent or income which is contingent upon ultimate acquisition of the property if no redemption. Any prejudice in the case is directly attributable to defendant's own conduct rather than to plaintiff's assertion of its right. The time was not long and the consequences comparatively insignificant. The record will not support the claim of laches.

■ Nor can the claim of estoppel be sustained. It cannot be said that plaintiff owed defendant any duty to tell him that he must not make the sale. Nor was he required to take legal steps to prevent the sale. Of course, until the actual time of the sale, it

could not know that the power of attorney would not be recorded. Plaintiff acquired title on the day of sale by a deed from the owner subject to all recorded encumbrances. This in no way estops it from questioning the validity of the foreclosure. It is not now questioning the existence of the mortgage lien. The delay of seven months in starting the action could not possibly be construed as invoking the doctrine of estoppel. The judgment was entered pursuant to a motion for judgment upon the pleadings. The answer does not allege that defendant has acted in reliance upon plaintiff's conduct, to his prejudice. He could hardly do that.

■ Plaintiff has title to the premises and is standing on its legal rights. It seeks an equitable remedy, but it cannot be said that it comes into a court of conscience asking to be extricated from circumstances due to its own conduct or that it seeks help that would result unjustly to the defendant. Plaintiff seeks to remove a cloud which defendant has wrongfully put upon the record. We see no occasion to say that its conduct is such as to require it to do equity before it can enjoy the equitable remedy to which its legal rights entitle it. A plaintiff in equity must treat a defendant with that consideration to which in good conscience he is entitled, but he is required to do equity only where the result that would be worked out without its aid would be against good conscience. The maxim does not call for a sacrifice of plaintiff's rights. It only requires the plaintiff to recognize the corresponding rights which the defendant has in the subject matter. Here the defendant has no rights in the subject matter.

■ It is also urged that plaintiff is barred by the maxim that no one shall be allowed unjustly to enrich himself at the expense of another. This is one of the underlying principles of quasi contracts. The word "unjustly" as so used means unlawfully. This maxim is without application to the instant case. It is not certain that defendant will not be paid, hence there is no certainty that plaintiff is being enriched; and if it is it cannot be said that it is unlawful.

Affirmed.