SHEASGREEN HOLDING COMPANY v. ZOLLE DWORSKY.[1]

December 19, 1930.

No. 28,233.

[1]Reported in 233 N. W. 853.

*Robert M. Works* and *John J. Stoller,* for appellant.
*S. Louis Shore,* for respondent.

STONE, J.

Appeal by plaintiff from an order sustaining a general demurrer to its general complaint in an action to set aside the foreclosure of a real estate mortgage by advertisement.

Plaintiff is the owner of the involved premises, and defendant the mortgagee. August 10, 1928, there was a sale thereof under a previous attempt to foreclose by advertisement. The power of attorney was not filed for record with the register of deeds before the sale as required by statute (G. S. 1923 [2 Mason, 1927] § 9606). For that fatal defect the first attempted foreclosure was held invalid in a previous action between the same parties, the decision of the district court therein having been affirmed here in Sheasgreen Holding Co. v. Dworsky, 181 Minn. 79, 231 N. W. 395.

While that action was pending the second foreclosure proceeding, attacked in the present action, was commenced and the foreclosure sale had July 30, 1929. The one point for appellant now is that the pendency of the former action should be held a bar to the second foreclosure proceeding, the principal supporting argument being that the situation was such as to discourage, if not to prevent bidders from attending the foreclosure sale, or at least interfere with bidding thereat.

It was long ago definitely decided that a void foreclosure sale will not prevent a second and valid foreclosure proceeding. The first attempt, being null and therefore amounting to nothing, imposes no obstacle to the second proceeding. Bottineau v. Aetna L. Ins. Co. 31 Minn. 125, 16 N. W. 849. To the argument that in this case the pendency of the former action discouraged bidders or otherwise impeded bidding, the sufficient answer is that there is nothing in the complaint which expressly or by implication sug-

gests any such thing. The defendant mortgagee bid in the property for $9,500, and the complaint does not even suggest that the price was inadequate. So we need not consider what the result would be if there were before us allegations that the bidding at the second sale had been hindered, as plaintiff suggests all too belatedly in argument.

Order affirmed.