**PACIFIC MUTUAL DOOR
COMPANY, Appellant,**

v.

**John P. JAMES, in his capacity as
Commissioner of Revenue,
Respondent.**

**No. C6–90–1493.**

Court of Appeals of Minnesota.

Feb. 5, 1991.

David R. Brennan, Faegre & Benson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HUSPENI, P.J., and CRIPPEN and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Pacific Mutual Door Company appeals from a judgment denying its claim for a refund of Minnesota corporate income taxes and alleges that the three-factor apportionment formula found in Minn.Stat. § 290.19 does not properly or justly reflect its income allocable to Minnesota for determination of corporate income taxes. We affirm.

## FACTS

Appellant is a Washington corporation engaged in the wholesale distribution and sale of lumber and lumber products. Its principal place of business is in Kansas City, Missouri, location of one of its two operating divisions. A second division is located in Roseville, Minnesota. During the taxable years in question, appellant had three subsidiaries: Scott Graff Company located in Albuquerque, New Mexico; Warren Brothers Sash & Door located in Nashville, Tennessee; and PMD Development Corporation, a corporation with an interest in a partnership owning real estate outside of Minnesota.

The parties stipulated to the following facts concerning the taxes due and paid by appellant in 1982/83, 1983/84, and 1984/85: appellant filed a timely Minnesota corporate income tax return for each of the reporting years; the taxes due in each reporting year were paid in a timely manner; upon audit, the Commissioner of Revenue determined appellant had under-reported its tax in each of the above years; and the tax deficiencies for all years, together with interest and penalties, were paid in April and May, 1988.

In its tax returns for 1982/83 and 1983/84, appellant used the three-factor apportionment formula in Minn.Stat. § 290.19 [1] to determine what portion of its total income to allocate to Minnesota. The deficiencies in these years were minor. In its tax return for 1984/85, appellant petitioned the state to permit use of separate accounting to determine its Minnesota taxable income. The Commissioner denied the request and recomputed the taxes due using the three-factor apportionment formula. Appellant paid a tax deficiency of $68,-479.

In its complaint, appellant sought a refund of the deficiencies together with associated penalties and interest paid for 1982/83, 1983/84 and 1984/85. Appellant asserted the business it conducted in Minnesota was not unitary with the business it conducted outside of Minnesota; therefore none of its income for sales and services outside of Minnesota was subject to taxation in Minnesota. In the alternative, appellant claimed even if its Minnesota business was found to be part of a multi-state unitary business, the three-factor apportionment formula did not properly or justly reflect income allocable to Minnesota.

The trial court found appellant's Minnesota division to be part of a multi-state unitary business and thus its total income was subject to apportionment. This finding has not been appealed. As to the alternative issue, the trial court held that the Minnesota statutory three-factor apportionment formula properly reflected appellant's Minnesota income. Therefore appellant was not entitled to substitute separate accounting for the statutory formula. Judgment was entered on April 4, 1990, denying the requested refund.

## ISSUES

1. Does the use of the three-factor formula in Minn.Stat. § 290.19, subd. 1(2) properly reflect appellant's taxable net income apportionable to Minnesota or is appellant entitled to substitute separate accounting for the statutory formula?

2. Did the trial court make sufficient findings of fact to support its conclusion of law that the three-factor formula properly and justly reflects appellant's income allocable to Minnesota?

## ANALYSIS

### I.

Appellant challenges the trial court's conclusion of law that Minnesota's three-factor apportionment formula as found in Minn.Stat. § 290.19 properly and justly reflects its taxable net income apportionable to Minnesota. Conclusions of law are subject to de novo review by this court. *See Lindsey v. Lindsey*, 369 N.W.2d 26, 29

---

**1.** The legislature repealed Minn.Stat. § 290.19 in 1987 (1987 Minn. Laws ch. 268, § 127) and replaced it with Minn.Stat. § 290.191 which contains a different, but similar, three-factor apportionment formula.

(Minn.App.1985), *aff'd as modified* 388 N.W.2d 713 (Minn.1986).

Appellant is a multi-state unitary business with operating divisions in Kansas City, Missouri (Missouri Division) and Roseville, Minnesota (Minnesota Division).[2] Under the three-factor apportionment formula set forth in Minn.Stat. § 290.19, subd. 1(2), the percentage of a multi-state unitary business' total income to be taxed in Minnesota is determined by dividing the business' Minnesota property, payroll and sales respectively by the business' total property, payroll and sales and then averaging the results. That percentage is then multiplied by the business' total multi-state income to determine the amount subject to tax.

Because it is a non-manufacturing business,[3] the statute does not require use of the three-factor formula *if* the formula does not properly reflect the income allocable to the state. Minn.Stat. § 290.19, subd. 1(2)(b). This section grants a certain discretion to the Commissioner of Revenue to determine whether the formula fairly and properly allocates to Minnesota the correct portion of the net income of a multi-state unitary business. *Walgreen Co. v. Comm'r of Taxation,* 258 Minn. 522, 530, 104 N.W.2d 714, 720 (1960). The allocation under the three-factor formula need not be a 100 percent accurate reflection of income, but need only be a reasonable reflection of the net income apportionable to Minnesota. *Id.*

The three-factor formula prescribed by section 290.19 is presumed to be a fair and correct allocation of a taxpayer's net income attributable to the state. Minn.Stat. § 290.20, subd. 1. The burden of proof rests on appellant to prove the "application of the 3–factor formula results in a grossly inequitable allocation of such income [to

Minnesota]." *Walgreen Co.,* 258 Minn. at 530, 104 N.W.2d at 720.

Minnesota strongly favors the three-factor formula over separate accounting, the allocation method chosen by appellant as a substitute for the formula.

> [Separate] geographical accounting "is subject to manipulation and imprecision, and often ignores or captures inadequately the many subtle and largely unquantifiable transfers of value that take place among the components of a single enterprise."

*Comm'r of Revenue v. Associated Dry Goods, Inc.,* 347 N.W.2d 36, 42 (Minn.1984) (quoting *Container Corp. of America v. Franchise Tax Bd.,* 463 U.S. 159, 164–65, 103 S.Ct. 2933, 2940, 77 L.Ed.2d 545 (1983)), *cert. denied* 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). However, no single method of apportionment is always appropriate for all cases and the facts of the case must be considered. *Western Auto Supply Co. v. Comm'r of Taxation,* 245 Minn. 346, 368–69, 71 N.W.2d 797, 811 (1955); *see also Stronge & Lightner Co. v. Comm'r of Taxation,* 228 Minn. 182, 200, 36 N.W.2d 800, 809 (1949).

Appellant maintains the three-factor formula does not accurately reflect its income, and therefore, it petitioned the state, as required under Minn.Stat. § 290.20, subd. 1, to use separate accounting to determine which portion of its income to allocate to Minnesota. Under the separate accounting method, income is identified to a state using bookkeeping and accounting methods to directly determine activity in a state rather than using a formula.

■ Appellant insists the three-factor formula results in allocation of substantially more income to Minnesota than does the separate accounting method.[4] However,

---

**2.** Appellant does not appeal the trial court's conclusion that appellant's Minnesota business operations were part of a multi-state unitary business.

**3.** Although appellant does some minor manufacturing at a few of its locations, the evidence supports its contention that it is a non-manufacturing business.

**4.** Appellant's Minnesota net taxable income under separate accounting for the taxable years in issue is as follows:

| | |
|---|---|
| 1982/83 | $335,168 |
| 1983/84 | 579,389 |
| 1984/85 | 257,265 |

Its Minnesota net taxable income under the three-factor method is as follows:

| | |
|---|---|
| 1982/83 | $ 618,737 |
| 1983/84 | 1,057,310 |
| 1984/85 | 951,480 |

the mere fact that appellant can show that less net income would be allocated to Minnesota by using another allocation method does not prove the statutory three-factor formula provides an improper reflection of Minnesota income. *See Walgreen Co.*, 258 Minn. at 531, 104 N.W.2d at 720. Appellant must show why the formula does not properly reflect the Minnesota income.

Appellant's business operation in Minnesota during the years at issue did differ in two significant ways from the business operations in its other divisions and subsidiaries. First, a substantial portion of the Minnesota division sales were "carload" sales, i.e., direct shipments from the manufacturer to the customer, with appellant merely acting as a broker. Appellant's gross margin on these carload sales was approximately 10 percent as compared to the 23–38 percent gross margin for warehouse sales during the years at issue. These Minnesota carload sales accounted for more than 92 percent of appellant's total carload sales.

Secondly, the remaining warehouse sales by the Minnesota division were almost all to lumber yards. Sales to lumber yards yield a smaller profit than sales to individual builders. The Minnesota division's warehouse sales gross profit ranged from 22.8 percent to 26.6 percent or 12 percent to 17 percent less than the Missouri division's gross profit percentage. (The Missouri division sells primarily to individual builders.)

It is important to note, however, that each of these differences in the Minnesota operation also results in lower cost to appellant. Sales made directly from the manufacturer to consumer do not require the maintenance of inventory, no warehouse or trucking costs are incurred, and personnel costs are lower. Sales to lumber yards require fewer support services than do sales to builders. Thus, the lower gross profits can be balanced against the lower costs of doing business.

Minnesota courts have previously rejected arguments against the three-factor apportionment formula based upon differences between various components, conditions or costs of a business:

> If the taxpayer's objection to the method of apportionment used, based on the fact that the operating experience of its retail units is not uniform throughout the nation, were valid, then no business could be found to be unitary and the formula method applied would always be invalid. Furthermore, the three-factor method of apportionment reflects these variables and compensates for them.

*Western Auto*, 245 Minn. at 357, 71 N.W.2d at 805 (footnote omitted).

■ Appellant here accepted an allocation formula when it was to its advantage. From 1967 through 1984, it used the three-factor formula to compute its Minnesota tax. More telling, it used Missouri's apportionment formula (which differs from Minnesota) to compute its Missouri corporate tax for all the years in issue. In computing its Missouri tax for 1984–85, appellant apportioned 43 percent of the total income of its unitary business to Minnesota. For the same year, Minnesota's three-factor apportionment formula apportioned 29.93 percent of appellant's income to Minnesota. We do not believe the statute allows a taxpayer to pick and choose its method of apportionment from year-to-year in order to pay less tax in a given year.

■ We recognize the statute might not always precisely reflect income; however, it does result in rough justice. As noted by the United States Supreme Court in *Container Corp. of America*, 463 U.S. at 183, 103 S.Ct. at 2949, the three-factor formula has gained wide approval precisely because payroll, property and sales in combination appear to reflect a very large share of the activities at which the value of a business is determined. Separate accounting is less satisfactory; it is subject to manipulation and imprecision.

The record does not reflect that appellant met its burden of showing that the three-factor formula did not properly reflect its Minnesota income, and that was more appropriate.

## II.

■ Appellant argues the trial court made no findings of fact to support its conclusion that the three-factor apportionment formula properly reflected its Minnesota income. We disagree.

The trial court made 65 findings of fact. A majority of the findings supported the trial court's conclusion that appellant and its branches and subsidiaries were a unitary business. The trial court made six findings which support the use of the three-factor formula.[5] It also made several findings of fact to the effect that appellant's separate accounting formula did not properly reflect appellant's income.[6] These findings support the trial court's conclusion that the three-factor method properly reflects the apportionment of income to Minnesota for taxation purposes. Based on the record, these findings of fact are not clearly erroneous and thus may not be set aside on appeal. Minn.R.Civ.P. 52.01.

Under Minn.Stat. § 290.20, subd. 1 the Commissioner of Revenue may allow a business to use an alternative method of allocation when allocation under the three-factor formula, while properly reflecting income under section 290.19, would be unjust. Appellant argues that it presented its position under Minn.Stat. § 290.20 in pleadings, at trial, and in its proposed findings of fact and conclusions.

■ The trial court did not make specific findings of fact or conclusions of law concerning the "justice" of its determination that Minn.Stat. § 290.19, subd. 1 properly reflected appellant's income allocated to Minnesota. However, appellant made no motion to the trial court for amended findings of fact as to the issue of the justice of the allocation. Where there are neither findings of fact nor a conclusion of law as to an issue and the claimed omission is not brought to the attention of the trial court by motion for amended facts, this court will not review the issue. *Frank v. Illinois Farmers Ins. Co.*, 336 N.W.2d 307, 311 (Minn.1983).

## DECISION

The three-factor formula found in Minn. Stat. § 290.19, subd. 1 properly reflects

---

5. The trial court found:
   6. Pacific computed its Minnesota corporate tax for 6/30/83 and 6/30/84 as it had in prior years * * * using the statutory three factors (property, payroll and sales) apportionment formula.
   * * * * * *
   14. In computing its Missouri corporate income tax for the years in question, Pacific * * * apportioned its income to Missouri using Missouri's apportionment factor.
   15. The result of Pacific's apportionment of income on its Missouri return for 6/30/85 was to apportion to Missouri and subject to [Missouri] tax $405,412. The rest of the $2,034,417 of net income before tax would be Minnesota income. The separate accounting that Pacific would use on its Minnesota corporate return for the same year would allocate $257,265 to Minnesota and $1,777,132 to Missouri.
   16. Pacific took the inconsistent positions in Minnesota and Missouri because it was to the company's advantage to do so and Missouri let Pacific file the way it did.
   17. Pacific's accountant testified that in general the three factor apportionment formula is a fair method of allocating income between states for tax purposes.
   * * * * * *

63. The Roseville branch made a large number of carload (or direct) sales of Anderson products. Carload sales are direct shipments from the manufacturer to the customer. The branch does not have to handle, inventory or deliver direct sale shipments. The gross margin on carload sales is less than on other sales. The margin can be less because such sales require fewer personnel, no inventory, no warehousing and no trucking space.

6. The trial court found:
   8. Because of the need to allocate headquarters income and expenses, some items had to be allocated three times. All had to be allocated at least twice; once between Pacific and its subsidiaries and then again between Kansas City and Roseville. Various methods of allocation were used, some admittedly arbitrary.
   * * * * * *
   65. [Appellant's] separate accounting does not reflect the many interrelationships between headquarters and the branches. Further, [appellant's] separate accounting admittedly contains income and expenses that have been allocated using various methods some of which are purely arbitrary.

appellant's unitary business income attributable to Minnesota and the trial court's findings adequately supported its decision.

Affirmed.