Sandra L. ANDERSON,
et al., Appellants,

v.

PETERSON'S NORTH BRANCH MILL,
INC., Defendant and third-party
plaintiff, Respondent,

v.

MICHAEL A. PINOTTI, LTD., et
al., third-party defendants,
Respondents.

No. C1–93–184.

Court of Appeals of Minnesota.

July 20, 1993.

Paul J. Deshotels, Minneapolis, for appellants.

Thomas L. Satrom, Cambridge, for Peterson's North Branch Mill, Inc.

Leon R. Erstad, Minneapolis, for Michael A. Pinotti, Ltd., et al.

Considered and decided by HARTEN, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

HARTEN, Judge.

Mortgagors allege that they were deprived of a foreclosure surplus by the district court's incorrect application of the mortgage foreclosure proceeds provisions of Minn.Stat. § 580.09 (1986).

## FACTS

Appellants Sandra L. Anderson and Robert C. Hozempa mortgaged their farm to Farmer's Home Administration (FmHA) and respondent Peterson's North Branch Mill, Inc. (Mill). Mill received the junior lien. There were no liens junior to Mill's lien. Through its attorney, respondent Michael A. Pinotti, Mill foreclosed upon, and purchased for the sum of all mortgage liens on the entire farm, the land covered by its mortgage.

Pinotti, the sole bidder at the sale, first tried to bid the amount of Mill's mortgage plus costs (about $25,414) "subject to all outstanding liens." The deputy sheriff conducting the sale refused that bid, indicating that a bid "in numbers only" was required. Pinotti then bid $104,812.97, which was the sum of the Mill mortgage plus costs and the amount owed FmHA. No funds changed hands at the sale.

FmHA later foreclosed its mortgage, purchasing the property for the amount of its lien. When appellants sued Mill to retrieve the surplus from Mill's foreclosure, Mill made Pinotti a third party defendant on an indemnity claim. The district court ruled that no surplus existed, but if a surplus did exist, appellants were equitably prohibited from recovery.

## ISSUE

Are appellants equitably barred from recovering any surplus?

## ANALYSIS

1. Pinotti foreclosed Mill's mortgage with a bid exceeding appellants' debt to Mill by about $79,000. Minn.Stat. § 580.09 (1986) provides that upon foreclosure of a mortgage securing a debt which is to be paid in installments:

The proceeds of the sale shall be applied first in payment of the costs of the foreclosure sale, and of the installment due, with interest thereon, taxes and insurance premiums paid, if any, and then towards the payment of the residue of the sum secured by such mortgage, and not due and payable at the time of such sale; and * * * *the surplus, if any, shall be paid to the subsequent lienors, if any, in the order of their priority, and then to the owner of the equity of redemption, the owner's legal representatives or assigns.*

(Emphasis added.)

Here, Mill's mortgage secured annual installment payments from appellants. The district court ruled that no surplus existed. We need not defer to the district court's construction of Minn.Stat. § 580.09. *See Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990) (questions of law reviewed de novo). Under section 580.09, "surplus" is the excess of a foreclosure sale's proceeds over the items listed in the statute. Liens that are senior to the foreclosing lien are not listed in the statute. As Pinotti's bid exceeded the sum of the listed items, a surplus existed and we modify the district court's ruling accordingly.

2. On appeal, appellants assert a claim against Mill and attempt to assert Mill's claim against Pinotti. Assuming that appellants could and did assert a claim against Pinotti, it was not addressed by the district court. As that omission was not brought to the district court's attention in a motion for amended findings, we do not address claims against Pinotti. *See Pacific Mut. Door Co. v. James*, 465 N.W.2d 696, 701 (Minn.App. 1991) (if a district court's failure to address an issue is not raised in a

motion for amended findings, "[we] will not review the issue").

■ 3. The district court relieved Mill of Pinotti's mistaken bid under *Peterson v. First Nat'l Bank of Ceylon*, 162 Minn. 369, 379, 203 N.W. 53, 56–57 (1925), which requires consideration of certain equities when deciding whether to grant relief from foreclosure related errors.[1] In applying *Peterson*, the district court properly separated Mill's conduct from Pinotti's. *See Peterson*, 162 Minn. at 370–71, 203 N.W. at 53 (relief granted to a party even though the party's attorney was "mistaken" and careless); *Romkey v. Saumweber*, 170 Minn. 438, 439, 212 N.W. 816 (1927) (relief granted to a party where his attorney admitted a mistake and assumed responsibility).

Under *Peterson*, the district court found Mill a "blameless party" which will suffer a disaster if not relieved. Appellants do not challenge this determination and their allegation that the district court did not address the second equity (absence of negligence) is incorrect. The district court found "Mill was not negligent in any manner". Thus, *Peterson's* first two equities are satisfied.

As to the third equity, the district court found that appellants realized Pinotti's mistake and attempted to "secure an unconscionable advantage and enrich themselves unjustly." Appellants allege that their seeking the surplus cannot be unconscionable because they are pursuing a statutory right. Appellants' argument is unpersuasive. In *TCF Banking & Sav. v. Loft Homes Inc.*, 439 N.W.2d 735, 738–39 (Minn. App.1989), *pet. for rev. denied* (Minn. June 21 and July 12, 1989), this court indicated that enrichment could be unjust even though its pursuit might not be unlawful.

Regarding the final equity (ability to award relief without prejudice), relief was appropriate in *Peterson* because the parties

arguing against it would not be prejudiced, "except as they are denied an unconscionable advantage." *Peterson*, 162 Minn. at 375, 203 N.W. at 55. Here, the only damage appellants allege is a denial of "their rightful property, [the excess] proceeds of the sale." Further, the district court "[did] not believe that [appellants] relied to their detriment on the foreclosure." This finding is both a credibility determination to which we defer, Minn.R.Civ.P. 52.01, and unchallenged on appeal. Finally, relieving Mill of the excessiveness of Pinotti's bid will have no impact on the rights FmHA acquired in its subsequent foreclosure. We are satisfied that any prejudice claimed by appellants is insufficient under *Peterson* to preclude equitable relief.

## DECISION

Under the facts of this case, the district court properly afforded Mill equitable relief from its attorney's mistaken mortgage foreclosure bid.

**Affirmed as modified.**

---

1. Appellants cite *Schwinn v. Griffith*, 303 N.W.2d 258, 263 (Minn.1981) for the proposition that Mill must specifically perform, and hence pay, its foreclosure bid. *Schwinn* involves an estate auction, not a foreclosure sale. Also, as the rationale of *Peterson* and its progeny is to determine whether a party should be equitably relieved of an otherwise valid obligation, to apply *Schwinn* here would eliminate the possibility of equitable relief in the mortgage foreclosure context.